[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried before the court on June 8, 1995. In its memorandum of decision, the court found, inter alia, that the defendant Stop Shop's negligence was the sole cause of injuries incurred by the plaintiff, David Winchell.
The defendant filed a motion pursuant to Connecticut General Statutes requesting a hearing with respect to the collateral source payments made and a reduction in economic damages.
On July 12, 1996, a stipulation of facts was filed and on July 19, 1996 a hearing was held.
The following stipulated facts are germane to the defendant's motion:
 (a) Economic damages found by the court were $21,855 of which $15,623 (medical bills) were paid by plaintiff's employer or a third party insurance carrier for or on behalf of the plaintiff, and $6232 of awarded lost wages were paid to the plaintiff by his employer.
 (b) That the plaintiff contributed sums in excess of $15,623 toward medical insurance premiums and that the plaintiff and his employer contributed sums in excess of $6232 by way of compensation for lost wages and income protection benefits.
The parties further stipulated and agreed that if the plaintiff is allowed to deduct all payments and contributions made by him and his employer for all years prior to the accident, and deduct these payments against the defendant's claim for a reduction per § 52-225a(b), then the defendant is entitled to no reduction.
On the other hand, if the court allows only one (1) year premium costs deduction, the plaintiff's credit should only be $5000.
Should the court allow deductions for more than one year, then the credit for wage and health insurance benefits should be as follows:
 1991 — $5000 1990 — $5000 1989 — $6000
The plaintiff argues that he should be allowed to deduct all contributions made by him and his employer for each year of CT Page 9304 coverage prior to the accident and to deduct those payments against defendant's claim for a reduction in the judgment for collateral source payments. If plaintiff prevails in this argument, then defendant is entitled to no reduction in the judgment as entered.
Section 52-225a provides that:
 (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, or (2) personal injury or wrongful death arising out of the rendition of professional serves by a health care provider, occurring on or after October 1, 1985, and prior to October 1, 1986, if the action was filed on or after October 1, 1987, and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.
 (b) Upon a find of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
 (c) The court shall receive evidence from the claimant and other appropriate persons concerning any amount which has been paid, contributed or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death.
The parties agree that the court's interpretation of CT Page 9305 § 52-225a(c) shall be dispositive of the defendant's motion.
Section 52-225a(c) does not impose any time limitation on the credit which the plaintiff seeks.
Since there is no time limitation imposed by the statute, and since the plaintiff has previously paid more in order to secure the benefits as a result of the accident, the defendant is entitled to no reduction in the judgment as entered.
The statute is clear and unambiguous, the amount of benefits received by the plaintiff (§ 52-225a(b)) must be reduced by the "amount which has been paid . . . by . . . the claimant . . . to secure his right to . . . [the] collateral source benefit which he has received as a result of such injury." General Statutes § 52-225a(c).
Because the amount paid by the plaintiff and his employer to secure benefits exceeds the amount received by him as a result of his injury, nothing remains by which to reduce the economic damages.
Mihalakos, J.